UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA JEAN THOMPSON,

     Plaintiff,

v.                               Case No:   8:15-cv-1240-T-MRM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## OPINION AND ORDER

Pending before the Court is Plaintiff Donna Jean Thompson's Complaint (Doc. 1) filed on May 21, 2015.  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA"), denying her claim for a period of disability, disability insurance benefits, and supplemental security income.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr. at" followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the decision of the Commissioner is **reversed and remanded** pursuant to sentence four of 42 U.S.C. § 405(g).

### I.  Social Security Act Eligibility, the ALJ Decision, and Standard of Review

### A.  Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do her previous work, or any

1

other substantial gainful activity that exists in the national economy.  42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.  Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B.  Procedural History

On April 13, 2012, Plaintiff filed an application for disability insurance benefits and for supplemental security income asserting an onset date of October 18, 2008.  (Tr. at 53, 72, 174-87).  Plaintiff's applications were denied initially on May 9, 2012 and on reconsideration on July 10, 2012.  (Tr. at 53-54, 72-73).  A hearing was held before Administrative Law Judge ("ALJ") Robert Ballieu on November 21, 2013.  (Tr. at 19-52).  The ALJ issued an unfavorable decision on February 20, 2014.  (Tr. at 97-106).  The ALJ found Plaintiff not to be under a disability from October 18, 2008 through the date of the decision.  (Tr. at 105-106).

On April 17, 2015, the Appeals Council denied Plaintiff's request for review of the ALJ's decision.  (Tr. at 1-6).  Plaintiff filed a Complaint (Doc. 1) in the United States District Court on May 21, 2015.  This case is ripe for review.  The parties consented to proceed before a United States Magistrate Judge for all proceedings.  (*See* Doc. 18).

### C.  Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled.  *Packer v. Comm'r of Social Security*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1]  An ALJ must

---

[1] Unpublished opinions may be cited as persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P.  Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

determine whether the claimant:  (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004).  The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five.  *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2013.  (Tr. at 100).  At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 18, 2008, the alleged onset date.  (Tr. at 100).  At step two, the ALJ found that Plaintiff suffered from the following severe impairments: scapular and patellar soft tissue derangement (adhesive capsulitis, rotator cuff and ligamentous tear) with degenerative joint disease (DJD) and obesity.  (Tr. at 100).  At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  (Tr. at 101).  At step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) (lifting and/or carry 20 pounds occasionally and 10 pounds frequently, with the right arm only as a support, standing and/or walking 6 hours in an 8-hour workday, sitting 6 hours in an 8-hour workday, pushing and pulling) the weights given above, [sic] except that she is limited to occasional climbing, crouching and crawling, but never climbing ladders, ropes or scaffolds and occasionally reaching in all directions on the right, but never overhead.  This person must avoid concentrated exposure to extreme cold, fumes, odors, dusts, gases, and poor ventilation, as well as hazardous machinery and unprotected heights.

(Tr. at 101).  The ALJ determined that Plaintiff was capable of performing her past relevant work as a restaurant hostess.  (Tr. at 105).  The ALJ concluded that Plaintiff was not under a disability from October 18, 2008, through the date of the decision.  (Tr. at 105).

### D.  Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### II.  Analysis

On appeal, Plaintiff raises four issues.  As stated by Plaintiff, they are:

(1) There was not substantial evidence to support some of the ALJ's findings.

(2) The ALJ's credibility determination in this case was not proper.

(3) The ALJ did not properly evaluate the opinion evidence.

(4) The ALJ's treatment of fibromyalgia in this case was improper and shows bias.

(Doc. 21 at 12-21).  The Court will first address the issue of Plaintiff's credibility.

## A.  Credibility

Plaintiff argues that the ALJ erred in failing to find Plaintiff's allegations of pain not credible.  The Commissioner maintains that the ALJ fully complied with regulations for evaluating pain and other symptoms in the decision and provided sufficient reasons supported by substantial evidence to support his credibility findings.

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain."  *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)).  After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible, and that determination will be reviewed to determine if it is based on substantial evidence.  *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)).  If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so.  Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true."  *Wilson*, 284 F.3d at 1225 (internal citations omitted).  "A clearly articulated credibility finding with substantial supporting

evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).  The factors an ALJ must consider in evaluating a plaintiff's subjective symptoms are:  "(1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; (5) treatment or measures taken by the claimant for relief of symptoms; and other factors concerning functional limitations." *Moreno*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)).

Plaintiff argues that the ALJ erred when determining that Plaintiff was not credible due to the following:  (1) Plaintiff did not appear in gross mental/physical discomfort at the hearing; (2) Plaintiff continued to take her medications despite the side effects; (3) no evidence of re-injury from "those causes;" (4) Plaintiff acknowledged that she improved at times and acknowledged her pain level improved with injections; (5) Plaintiff did not always follow medical advice, such as failing to follow through on prescribed physical therapy and failing to use a prescribed sling; (6) her treatment was erratic with gaps between 2013 and 2014 of 4 months; (7) Plaintiff failed to receive other recent drastic treatment such as a morphine pump, transneuronal stimulation, or on-going orthopedic/pain management; (8) Despite lung complaints, Plaintiff does not require oxygen or a pulmonologist's care; (9) Even if Plaintiff has financial problems, Plaintiff did not seek more frequent emergency medical attention if in extreme distress; (10) Plaintiff ambulated outside of her home, and drove; and (11) Plaintiff did not make any appreciable effort to try to work.  (Doc. 21, 16-17; Tr. at 103-04).  The Commissioner responds that the ALJ supported each of these reasons for not finding Plaintiff credible.  For the reasons set forth below, the Court finds all but one of these reasons not supported by substantial evidence in the record.

The Court finds that the ALJ did not err in his credibility determination in one respect. Specifically, the ALJ found Plaintiff's complaints not fully persuasive because Plaintiff did not

appear "in gross mental/physical discomfort at the hearing, insofar as lay observation could indicate." (Tr. at 103). An ALJ is permitted to consider a claimant's appearance and demeanor at the hearing but "must not impose his observations in lieu of a consideration of the medical evidence presented." *Norris v. Heckler*, 760 F.2d 1154, 1158 (11th Cir. 1985). It is "not inappropriate for the ALJ to observe and comment upon a claimant's demeanor so long as the observation is not offered as the sole basis for discounting the Plaintiff's credibility." *Donnell v. Astrue*, No. 8:11-CV-2718-T-33TBM, 2012 WL 6106412, at *8 (M.D. Fla. Nov. 21, 2012), *report and recommendation adopted*, No. 8:11-CV-2718-T-33TBM, 2012 WL 6106855 (M.D. Fla. Dec. 10, 2012) (citations omitted). Moreover, a court often defers to an ALJ's observation and assessment of a claimant's demeanor at the hearing. *Norris*, 760 F.2d at 1158. In the instant case, the ALJ merely commented on Plaintiff's demeanor at the hearing and considered Plaintiff's demeanor as one factor in determining Plaintiff's credibility. Thus, the Court finds that the ALJ did not err in commenting on Plaintiff's demeanor at the hearing.

The ALJ's remaining credibility determinations are not supported by the record. The ALJ found that Plaintiff was not credible based upon Plaintiff "continu[ing] to use the medications despite some claimed side effects." (Tr. at 103). Plaintiff testified that she takes many medications for her conditions, including the following: medication for fibromyalgia; an inhaler for breathing; medication for blood pressure; hydrocodone and tramadol for shoulder and knee pain; an EpiPen for allergies; medication for diabetes; medication for sleeping; and Flexeril as a muscle relaxant. (Tr. at 37-39). Plaintiff testified that some of these medications cause the following side effects: blurred vision, dizziness, drowsiness, and causing her to be in "la-la land." (Tr. at 38-39, 42-45). It is undisputed that these medications were prescribed for Plaintiff. Neither the Commissioner nor the ALJ cites to any medical report that indicates that

Plaintiff should not be taking these medications for her conditions.  These medications appear to be helping Plaintiff for her conditions.  (*See* Tr. at 38, 42-44).  Moreover, the Commissioner and the ALJ do not cite to any medical records that indicate that there are other medications that Plaintiff could take that would not render the same side effects.  The Court finds that the ALJ failed to provide substantial supporting evidence to discredit Plaintiff for taking prescribed medications even though they cause her side effects.

The ALJ stated that Plaintiff's complaints are "not fully persuasive" due to Plaintiff continuing to take her medications despite the side effects and then states, "[t]here is no evidence of actual re-injury from those causes."  (Tr. at 103).  This statement is unclear.  The record does not reflect that Plaintiff was re-injured from the side effects of her medications.  Nor does the record reflect that Plaintiff was re-injured as to any of her conditions.  The Court cannot determine how this statement would undermine Plaintiff's credibility.  Thus, the Court finds that this statement by the ALJ is not supported by substantial evidence to find Plaintiff not entirely credible.

The ALJ also found Plaintiff's complaints not "fully persuasive" because Plaintiff acknowledged "against interest that she felt better at times, as of September 7, 2013, which she did not emphasize at the hearing" and the ALJ found that Plaintiff "acknowledged betterment with the injection."  (Tr. at 103).  To support these statements, the ALJ cites to a follow-up visit to Plaintiff's treating physician, David U. Arango, M.D., on September 3, 2013.  (Tr. at 103, 458).  At this visit, Plaintiff complained of right-knee pain of 10/10.  (*Id.* at 458).  Plaintiff acknowledged that a prior cortisone injection to her right knee on July 9, 2013 worked for a short period of time, but the pain gradually returned to a 10/10.  (*Id.*)  Plaintiff was also previously given a cortisone injection for her right shoulder, which did decrease her pain temporarily and

allowed for more mobility, but as of this visit, her pain level was a 9/10, and Plaintiff was still

having problems with lifting and overhead activity.  (*Id*.).  Also of note, at a previous visit to Dr.

Arango on September 4, 2012, Plaintiff stated that she "felt a little improvement" after an

injection to her right shoulder.  (Tr. at 478).  Even though Plaintiff stated that she felt a slight

improvement as to pain and mobility, her pain level at this visit was a 9/10 and she was limited

with overhead activities.  (*Id*.).  A few medical records reflect that Plaintiff stated that she

showed some temporary improvement as to pain and mobility, especially after receiving

cortisone injections to her shoulder and knee.  Nonetheless, even though Plaintiff told her

treating physicians that she had some temporary improvement as to her right shoulder and knee,

her pain level was consistently at least a 7/10, but for most visits, her pain level was a 9/10.  (*See

e.g.*, Tr. at 308, 311, 329, 332, 456, 458,460, 466, 470, 471, 473, 474, 477, 478 and 480).

The Court finds that the ALJ failed to reconcile Plaintiff's testimony as to her temporary

slight improvements with her consistent complaints of extreme pain.  Further, the ALJ afforded

her treating physician, Dr. Arango's opinion substantial weight and Dr. Arango determined that

Plaintiff's pain was reasonable given the medical findings.  (*Id.* at 105, 485).[2]  The ALJ also

noted that Plaintiff had a four-month gap in treatment from 2013 to 2014.  Even though this gap

may exist, Plaintiff repeatedly went to her treating physicians' appointments as evidenced

throughout the medical history in the record.  The Court finds that the ALJ's determination that

Plaintiff's complaints were not fully persuasive based on Plaintiff's acknowledgement of slight,

---

[2] The ALJ afforded Dr. Arango's opinion substantial weight with the caveat that "not all of his
prohibitions are supported by objective examination limits, including the aforementioned
substantially better maneuverability and motor function after the interventions."  (Tr. at 105).
This caveat, however, did not discount Dr. Arango's finding that Plaintiff's medical conditions
supported the level of pain that Plaintiff described.  (*Id.* at 485).

temporary improvement and failure to seek treatment for a period of four months is not

supported by substantial evidence of record.

The ALJ also found certain inconsistencies that called into question Plaintiff's claimed

intensity of her distress.  (Tr. at 103).  Specifically, the ALJ found Plaintiff was not always

compliant with medical advice, which raised doubts as to the alleged intensity of Plaintiff's

symptoms.  (Tr. at 103-04).  The ALJ found that Plaintiff failed to follow through with her

prescribed physical therapy and failed to use the prescribed sling.  (*Id.* at 103-04).  Plaintiff

explained at the hearing that she waited to begin physical therapy because she did not read the

prescription and did not understand the prescription when Dr. Arango handed it to her.  (*Id.* at

31-32).  Plaintiff explained that she failed to use the sling after surgery because she thought she

could do without it.  (*Id.* at 32-33).  When she saw Dr. Arango for a follow-up visit, he explained

that Plaintiff needed to use the sling at all times.  (*Id.* at 32-33).  The ALJ appears to have failed

to take into account that Plaintiff has an eighth-grade education.  (*Id.* at 23).  Her testimony

shows that she did not understand Dr. Arango's instruction to use the sling at all times after

surgery or his instruction to immediately begin physical therapy.  (*See Id.* at 23).  The ALJ fails

to explain why he found Plaintiff's statements that she clearly misunderstood the doctor's orders

not to be credible

The ALJ also raised doubts as to the alleged intensity of Plaintiff's symptoms due to:

Plaintiff failing to receive "other recent drastic treatment for symptoms" including a morphine

pump, transneuronal stimulation, or on-going orthopedic/pain management; Plaintiff not

requiring oxygen or seeking a pulmonologist for lung complaints; and Plaintiff failing to seek

more frequent emergency medical attention.  (Tr. at 104).  Plaintiff saw her treating physicians,

Zaw Min, M.D. and Dr. Arango regularly and these doctors prescribed the medications Plaintiff

needed to treat her symptoms.  (Tr. at 300-56; 358-404; 447-54; 456-85; 498-500).  The ALJ

failed to cite to medical records that indicate that Plaintiff's symptoms were not credible based

on the amount of medical attention Plaintiff received from her treating physicians, including

receiving pain medication, an inhaler, and other prescriptions from these physicians.  Substantial

evidence does not support the ALJ's finding that absent more drastic treatments, Plaintiff's

alleged intensity was not credible.

Further, the ALJ found contradictions in the record and discounted Plaintiff's credibility

based on these alleged contradictions.  The ALJ noted that Plaintiff ambulated in a limited way

outside of her home, drove, and did not make any appreciable effort to try to work.  (Tr. at 104).

Plaintiff testified that she could walk down a hallway, and she walks to her sister's RV, which is

next door to Plaintiff's RV and located very close together.  (Tr. at 35, 40).  Plaintiff also

testified that if she does any driving, she shifts gears with her left hand.  (Tr. at 39-40).  The ALJ

failed to elicit testimony as to the frequency of Plaintiff's driving or to show how this limited

ambulation or her limited driving contradicts Plaintiff's allegations of her limitations.

The ALJ also found a contradiction in Plaintiff not making any appreciable effort to try to

work.  Plaintiff testified that she injured her right shoulder on her last job in 2008 and was

terminated for being unable to work.  (Tr. at 27-28).  Plaintiff did not attempt to find work from

the date that she was injured in 2008.  (Tr. at 23).  The ALJ failed to explain any contradiction

between Plaintiff not making an appreciable effort to find work and Plaintiff's statement that her

injury caused her to be unable to work.  The ALJ's statement that Plaintiff lacks motivation

because Plaintiff failed to try to work is not supported by substantial evidence.

To be clear, the ALJ based many of his credibility determinations on accurate factual

recitations from the record.  However, the recited facts do not, in the Court's view, support the

ALJ's ultimate credibility determination.  As explained above, Plaintiff does not appear less than credible by not attempting to find work after the date she became injured; by taking prescribed medications with side effects; by misunderstanding the importance of medical advice; by not having more drastic medical treatments; or by walking and driving in a limited manner.  The Court finds that the ALJ's credibility determination is not supported by substantial evidence and the ALJ erred in his credibility determination.

### B.  Other Issues

Plaintiff's remaining issues involve Plaintiff's RFC determination, the evaluation of Plaintiff's treating physicians' opinions, and the evaluation of fibromyalgia.  The issues of Plaintiff's RFC determination and the evaluation of Plaintiff's treating physicians' opinions are tied to the issue of Plaintiff's credibility.  The ALJ mentions Plaintiff's fibromyalgia twice in the decision, first by acknowledging the medication Plaintiff was prescribed for her fibromyalgia and second by stating that Plaintiff "claimed fibromyalgia, but this ill-defined ailment is not corroborated in most reports, and remains a diagnosis of exclusion after confirmable illnesses have been excluded."  (Tr. at 97, 102).  Plaintiff's diagnosis of fibromyalgia is mentioned repeatedly throughout the medical records.  (*See e.g. Id.* at 269, 304, 308-09, 312, 314, 317, 321, 323, 362, 451, 475, 480).  The ALJ appears to find Plaintiff's claim of fibromyalgia not to be credible.  Because the Court finds that upon remand, the ALJ must reevaluate Plaintiff's credibility and this credibility determination affects other elements of the ALJ's decision, the Court finds that any ruling on Plaintiff's remaining issues would be premature at this time.

### III.  Conclusion

Upon consideration of the submissions of the parties and the administrative record, the

Court finds that the decision of the ALJ is not supported by substantial evidence, and upon remand, the Commissioner should reconsider Plaintiff's credibility, reconsider Plaintiff's RFC, reevaluate the treating physicians' opinions, and reevaluate Plaintiff's claim of suffering from fibromyalgia.

**IT IS HEREBY ORDERED:**

1)      The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's credibility determination, reconsider Plaintiff's RFC, reevaluate the treating physicians' opinions, and reevaluate Plaintiff's claim of suffering from fibromyalgia.

2)      The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

3)      If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

**DONE AND ORDERED** in Fort Myers, Florida on September 6, 2016.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties